IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02125-BNB

ROBBIE S. URBANO,

      Applicant,

v.

T. K. COOZZA-RHODES, Warden,

      Respondent.

---

## ORDER OF DISMISSAL

---

      Applicant, Robbie S. Urbano, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado.  He filed *pro se* an Application for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1), and paid the $5.00 filing fee.

      On August 14, 2013, Magistrate Judge Boyd N. Boland entered an order to show cause (ECF No. 3) directing Mr. Urbano to show cause within thirty days why the habeas corpus application should not be denied and the action dismissed because he had an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Kansas (District of Kansas), the sentencing court. On August 26, 2013, Mr. Urbano submitted his response (ECF No. 5).

      The Court must construe liberally Mr. Urbano's response to the show-cause order because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However,

the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

For the reasons stated below, the application will be denied and the action dismissed.

According to the Public Access to Court Electronic Records (PACER) website,

www.pacer.gov, on January 17, 2008, Mr. Urbano was convicted by a jury in District of

Kansas Criminal Action No. 07-cr-10160-MLB-1 (ECF No. 23 in No. 07-cr-10160-MLB-

1) on charges of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(I)

and possession of cocaine base (crack) in violation of 21 U.S.C. § 844.  *See* ECF No.

28 at 1 in No. 07-cr-10160-MLB-1.  "[T]he court is permitted to take judicial notice of its

own files and records, as well as facts which are a matter of public record."  *Van

Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on

other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001); *see also

Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).

The District of Kansas sentenced Mr. Urbano to ninety-six months of

imprisonment and three years of supervised release.  ECF No. 28 at 2-3 in No. 07-cr-

10160-MLB-1.  The judgment was entered on the docket on May 23, 2008.  ECF No. 28

in No. 07-cr-10160-MLB-1.  He appealed his conviction and sentence directly to the

United States Court of Appeals for the Tenth Circuit, which affirmed on April 29, 2009.

ECF No. 45 in No. 07-cr-10160-MLB-1.  On October 13, 2009, his petition for writ of

certiorari was denied.  ECF No. 29 in No. 07-cr-10160-MLB-1.  According to PACER, a

motion pursuant to § 2255 to vacate, set aside, or correct sentence was filed in the

District of Kansas on October 12, 2010 (ECF No. 50 in No. 07-cr-10160-MLB-1), and

was denied on November 15, 2010.  ECF No. 51 in No. 07-cr-10160-MLB-1.

Mr. Urbano asserts one claim in his § 2241 application challenging his conviction

and sentence imposed in the District of Kansas pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (June 17, 2013).  As relief, he asks to be resentenced.

   As Magistrate Judge Boland pointed out in the August 14 show-cause order, the purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established.  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence."  *Id.* (citation omitted).  "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined."  *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam).  A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255."  *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).  "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."  *Johnson*, 347 F.2d at 366.

   The fact that Mr. Urbano has sought and been denied relief pursuant to § 2255 does not mean the remedy provided in § 2255 is inadequate or ineffective.  *See Bradshaw*, 86 F.3d at 166 (quoting *Williams*, 323 F.2d at 673 ("Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective.").  Nor does the fact that Mr. Urbano may be barred from raising his claim in

a second or successive motion pursuant to § 2255, by itself, demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999).

Mr. Urbano bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho*, 177 F.3d at 1178 (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Urbano's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.*

If, as Mr. Urbano contends in his response to the show-cause order, he would be deemed innocent under the recent Supreme Court opinion in *Alleyne*, he may raise that argument in the sentencing court in a second or successive § 2255 motion. Mr. Urbano fails to demonstrate that the remedy available to him pursuant to § 2255 is inadequate or ineffective. Therefore, the application will be denied and the instant action dismissed because he has an adequate and effective remedy pursuant to § 2255 in the sentencing court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Urbano files a notice of appeal he also must pay the full $455.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.

      Accordingly, it is

      ORDERED that the habeas corpus application (ECF No. 1) is denied and the

action dismissed because Applicant, Robbie S. Urbano, has an adequate and effective

remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the District

of Kansas, the sentencing court.  It is

      FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

      FURTHER ORDERED that any pending motions are denied as moot.

      DATED at Denver, Colorado, this __28th__ day of __August__, 2013.

                                BY THE COURT:


                                _s/ Lewis T. Babcock_____
                                LEWIS T. BABCOCK, Senior Judge
                                United States District Court